■  ELLEN LONG, Appellant, v. JAMES SAVINO, Respondent.— In an action to recover damages for personal injuries arising out of the collision of two motor vehicles, plaintiff appeals: (1) from an order of the Supreme Court, Queens County, entered May 19, 1960, denying her motion for a preference pursuant to rule 9 of the Queens County Supreme Court Rules; and (2) from an order of said court, entered June 9, 1960, denying her motion for reconsideration of her prior motion. The second motion, being based on additional facts and papers, was in effect a new motion. Order entered June 9, 1960, reversed, with $10 costs and disbursements, and application for a preference pursuant to rule 9 of the Queens County Supreme Court Rules, granted. Order entered May 19, 1960, dismissed, without costs, as academic. Though we ordinarily are reluctant to disturb Special Term's exercise of discretion in preference matters, it is our opinion that on the record in this case, plaintiff should have been granted a preference under rule 9 (see *Jacobs* v. *Milazzo*, 9 A D 2d 950). Nolan, P. J., Ughetta, Kleinfeld and Christ, JJ., concur; Beldock, J., concurs in the dismissal of the appeal from the first order; but he dissents as to the reversal of the second order and as to the granting of the preference, and votes to affirm such order.

■  BARBARA MASSICOTTE, an Infant, by Her Guardian ad Litem JOSEPHINE MASSICOTTE, et al., Respondents, v. LEWIS MALINOWITZ et al., Appellants.— In an action to recover damages for injuries to person and property, based upon the alleged negligence of defendants, the defendants appeal from an order of the Supreme Court, Kings County, entered March 10, 1960, granting the plaintiffs' motion for summary judgment. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the record presents issues of fact which should not have been summarily decided on motion. The mere showing of the skidding of defendants' vehicle on a wet cobblestone pavement into plaintiffs' parked vehicle does not establish negligence as a matter of law but presents a question of fact as to whether the defendant operator exercised reasonable care under the prevailing circumstances, which include the speed of the moving vehicle, the distance from which the parked vehicle was first noted, and the defendant's alleged inability to stop in time to avoid an impact because of oncoming traffic (cf. *Cutler* v. *Brockington*, 10 A D 2d 712, motion for leave to appeal denied 10 A D 2d 860). On the question of contributory negligence, it is for the trier of the fact to determine whether the double parking of the plaintiffs' vehicle, in darkness, and on a traffic lane of a public highway, without rear lights, were proximate causes of the accident (cf. *Naeris* v. *New York Tel. Co.*, 6 A D 2d 196; *Maloney* v. *Howard Johnson, Inc.*, 5 A D 2d 1015; *Casella* v. *City of New York*, 269 App. Div. 852, motion for leave to appeal denied 269 App. Div. 939). Nor should the question of credibility be determined upon a motion for summary judgment (*Di Donna* v. *Sachs*, 9 A D 2d 576). Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■  JOHANNA OBERDORSTER, Appellant, v. WILLY OBERDORSTER, Respondent.— In a separation action, the plaintiff wife appeals from an order of the Supreme Court, Westchester County, dated October 20, 1958, denying her motion: (a) to modify the judgment of separation therein, dated May 21, 1957, by increasing the amount awarded for the support of herself and the infant child of the parties, and by restricting the defendant husband's visitation privileges; (b) to punish him for contempt; and (c) for other relief. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.